Filed January 7, 1896.

---

No. 1,902.

HUBER MANUFACTURING COMPANY *v.* SEABOLD.

AGENCY.—*Commission.—Per Centum of Sale.—Contract.*—An agent for the sale of machinery under a contract entitling him to twenty per cent. on sales made on three fall payments, twenty-seven per cent. on sales made on two fall payments and thirty-five per cent. commission on the sale of machinery for cash, is not as matter of law entitled to commission of thirty-five per cent. on a sale made in April and paid for partly in cash and the balance by a note payable in the following December.

From the Wells Circuit Court.

*E. R. Wilson* and *J. J. Todd,* for appellant.

*Sharpe & Sturgis,* for appellee.

GAVIN, C. J.—Appellee was appellant's local agent for the sale of machinery, and sued appellant to recover his commissions for the sale of a thresher.

By the terms of the contract, he was to receive twenty per cent. on sales made on three fall payments, twenty-seven per cent. for sales made on two fall payments, and thirty-five per cent. on cash sales.

According to appellee's claims, he, in April, 1893, sold a threshing outfit to Neuenschwander Bros. for $450.00, receiving an old thresher as cash for $100.00, and a note for $350.00 due December 25, 1893.    Upon the theory that the facts in the case as claimed by appellee constituted a sale within his contract, the court instructed the jury that he was entitled to recover thirty-five per cent. commission. In no view of the case can this instruction be upheld.    A commission of thirty-five per cent. was allowable only upon cash sales.    In the very nature of things, a sale by which a note is given, due the following December, more than six months after the delivery of the goods, cannot be a cash sale.    Not being a cash sale appellee could not be entitled to commission on it as such.    Counsel for appellee endeavor to support the instruction by the argument that the court and jury had a right to infer from the evidence and contract that this was by the parties regarded as a cash sale because it was not a three-fall nor a two-fall payment, which were the only modes other than cash provided for in the contract. Conceding, without deciding, that from all the evidence the jury might have been authorized to say that the appellant accepted the note as cash, there is nothing which would justify the court in declaring absolutely as a matter of law that this was done, and we are by no means prepared to hold that even the jury might have so determined.

A number of other questions are presented and argued by counsel.

As it is probable that both pleadings and evidence

will be so shaped upon another trial as not again to present these questions as they now come before the court, we do not deem it necessary to take up and determine whether or not the other grounds for new trial are well founded.

Judgment reversed, with instructions to the trial court to sustain the motion for new trial, with leave to amend pleadings if desired.

